# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
v.                           )            I.D. No. 1004000821
                             )
BRANDEN WALLACE,             )
                             )
        Defendant.           )

Submitted: April 12, 2019
Decided: June 13, 2019

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

## ORDER

Upon consideration of the Motion for Postconviction Relief filed by Defendant Branden Wallace ("Defendant"); Rule 61 of the Superior Court Criminal Rules of Procedure ("Rule 61"); the facts, arguments, and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Defendant was on probation when Probation & Parole conducted an administrative search that resulted in new charges as well as allegations of violation of probation. Defendant was detained on July 23, 2010.

2. Defendant was sentenced for a violation of probation in Case No. 0907027836 by Order dated September 22, 2010, effective July 23, 2010, to 2 years at Level V in connection with drugs and drug paraphernalia located during the

administrative search. The finding of violation of probation and sentence imposed were affirmed by the Delaware Supreme Court.[1]

3.      The drugs and drug paraphernalia located during the administrative search also resulted in new charges in Case No. 100400082. Defendant agreed to a stipulated non-jury trial on three of the new charges[2] — Trafficking, PWID, and PFBPP — in exchange for the State's promise to not seek habitual status and to recommend a sentence of not more than 14 years, which was represented to Defendant to be the required minimum mandatary period of incarceration.[3] The stipulated non-jury trial was held on March 8, 2011, and the Court found Defendant guilty of all three charges. On June 10, 2011, the Court sentenced Defendant to 16 years at Level V followed by decreasing levels of supervision.[4] The Supreme Court affirmed the Superior Court's decision on remand on December 31, 2012.[5]

4.      Defendant filed his first timely motion for postconviction relief on June 10, 2013 ("First PCR Motion") asserting claims of ineffective assistance of counsel

---

[1] *Wallace v. State*, 2011 WL 4478033 (Del. Sept. 27, 2011).

[2] The State entered a *nolle prosequi* on the remaining charges.

[3] The State mistakenly represented that the minimum mandatory sentence for the three charges was 14 years when it was actually 16 years. This mistake was not brought to Defendant's attention until sentencing.

[4] The minimum mandatory for the Trafficking charge was eight (8) years at Level V. Due to Defendant's prior convictions, the minimum mandatory for the PWID charge was three (3) years and the minimum mandatory for the PFBPP charge was five (5) years.

[5] *Wallace v. State*, 62 A.3d 1192 (Del. 2012).

2

related to (1) Trial Counsel's advice to Defendant regarding the plea offers and (2) Trial Counsel's alleged failure to seek merger of the Trafficking and PWID sentences. Defendant was appointed counsel ("Postconviction Counsel"). By Order dated September 27, 2017, the Court denied Defendant's First PCR Motion, concluding that assistance of counsel did not fall below an objective standard of reasonableness and that Defendant could not demonstrate prejudice. The Delaware Supreme Court affirmed the denial of postconviction relief on April 11, 2018.[6]

5.      On April 12, 2019, Defendant filed a second motion for postconviction relief as a self-represented litigant ("Second PCR Motion").[7] Defendant's asserted grounds for postconviction relief consist entirely of allegations of ineffective assistance of postconviction counsel. Specifically, Defendant alleges that Postconviction Counsel was ineffective for failure to raise additional claims of ineffective assistance of trial and appellate counsel in Defendant's First PCR Motion.

6.      Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[8]

---

[6] *Wallace v. State*, 2018 WL 1768652 (Del. Apr. 11, 2018).
[7] Accordingly, the April 6, 2017 version of Rule 61 applies. *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant originally filed his postconviction motion).
[8] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).

7.    Before addressing the merits for postconviction relief, this Court must first consider the procedural requirements of Rule 61(i).[9]  A motion is procedurally sufficient for consideration on the merits if it is the defendant's first motion,[10] the motion is timely,[11] and the motion does not assert grounds for relief already adjudicated.[12]

8.    Under Rule 61(d)(2), the Court shall summarily dismiss a second or subsequent motion for postconviction relief unless the movant was convicted after a trial and the motion pleads with particularity either that (i) new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction invalid.[13]  A second motion for postconviction relief is still subject to the successive motions procedural bar even if it raises the ineffectiveness of postconviction counsel.[14]

---

[9] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).
[10] Super. Ct. Crim. R. 61(i)(2).
[11] Super. Ct. Crim. R. 61(i)(1).
[12] Super. Ct. Crim. R. 61(i)(4).
[13] Super. Ct. Crim. R. 61(d)(2)(i)–(ii); Super. Ct. Crim. R. 61(i)(2)(i).
[14] *Holmes v. State*, 2018 WL 637312, at *1 (Del. Jan. 30, 2018).  *See also Durham v. State*, 2017 WL 5450746, at *2 (Del. Nov. 13, 2017) (affirming the summary dismissal of a second postconviction motion which consisted entirely of claims of

4

9. Defendant must satisfy the requirements of Rule 61(d)(2) to avoid summary dismissal of his Second PCR Motion, even if he did not have a previous opportunity to raise ineffective assistance of postconviction counsel claims.

10. Defendant fails to plead with particularity that new evidence exists that creates a strong inference that Defendant is actually innocent or that a new rule of constitutional law retroactively invalidates Defendant's convictions. Accordingly, because Defendant cannot meet the pleading requirements of Rule 61(d)(2), his Second PCR Motion must be summarily dismissed.

11. The Court is satisfied that the interest of justice does not require further review.

**NOW, THEREFORE, this 13th day of June, 2019, Defendant's Second Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

_____
The Honorable Andrea L. Rocanelli

cc: Criminal Prothonotary
Branden Wallace (SBI #371555)

---

ineffective assistance of postconviction counsel because the motion failed to satisfy the requirements of Rule 61(d)(2)).